NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TONESHA KIDD, | : : : : | |
| Plaintiff, | : : | Case No. 3:18-cv-12081-BRM-TJB |
| v. | : : : : | **OPINION** |
| PREFERRED CARE OF MERCER, *et al.*, | : : | |
| Defendants. | : : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Preferred Care of Mercer's ("Preferred Care") Motion to Dismiss Plaintiff Tonesha Kidd's ("Kidd") Complaint for failing to exhausting administrative remedies, failure to name indispensable parties, failure to state a claim, and because the claims are time barred. (ECF No. 21.)[1] Kidd opposes the Motion. (ECF No. 25.) Also before this Court is Kidd's Motion to Amend the Order and Request to Petition for Appeal. (ECF No. 24.) Having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and having reviewed the submissions filed in connection with the motions, for the reasons set forth below and

---

[1] ECF No. 21 was mistakenly labeled on the docket report as a "MOTION for Summary Judgment." Having reviewed the motion, the Court finds it was intended to be filed as a motion to dismiss and reads as such. (*See* ECF No. 21 at 1 (titled "Brief of Defendant Preferred Care Holdings LLC in Support of its Motion to Dismiss Plaintiff's Complaint") and at 12 (using motion to dismiss standard).)Therefore, for the purposes of this Opinion, the Court will refer to and treat it as a Motion to Dismiss and use the standards governing motions to dismiss.

for good cause shown, Preferred Care's Motion is **GRANTED in part and DENIED in part** and Kidd's Motion is **DENIED.**

I. **FACTUAL AND PROCEDURAL BACKGROUND**

For the purposes of deciding Motions to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F. 3d 224, 228 (3d Cir. 2008).

Kidd was hired by Preferred Care as a registered nurse supervisor on July 11, 2016. (Compl. (ECF No. 1) at 3.) Shortly after her employment with Preferred Care, Kidd suffered an injury that limited the use of her left hand. (*Id.*) On or about August 23, 2016, Kidd received a doctor's recommendation to "no longer perform duties on the med cart and [to] avoid the use of her left hand." (*Id.*) Kidd alleges—despite giving Preferred Care her doctor's notes—Preferred Care refused her request for reasonable accommodations. (*Id.*) Specifically, Preferred Care's Director of Nursing, Verna Farrow[2], told her Preferred Care was not going to accommodate her disability because she was not injured on the job site. (*Id.*) Accordingly, Kidd continued to work on the "med cart" until she was indefinitely suspended on October 11, 2016. (*Id.*) The owner of Preferred Care, Administrator Mutty, told Kidd she was suspended for not properly authenticating patient information before putting it on patients' charts. (*Id.*) Despite this, Kidd denies any wrongdoing and maintains she was suspended for her disability. (*Id.*) On or about December 16, 2016, Kidd filed a charge against Preferred Care with the New Jersey Division of Civil Rights ("DCR")—which was dual-filed to the Equal Employment Opportunity Commission ("EEOC")—alleging discrimination based on her disability under the Americans with Disabilities Act ("ADA") and the New Jersey Law Against Discrimination ("LAD"). (*Id.* at 5.)

---

[2] Kidd's Complaint refers to Farrow as both "Verna" and "Berna"

Since the filing of her claim against Preferred Care with the DCR, Kidd alleges she has been subjected to a hostile work environment and retaliation from her former and subsequent employers. (*Id.*) Specifically, Kidd argues that Preferred Care conspired with Royal Health Gate Nursing ("RHGN")[3], Buttonwood Behavioral Health Hospital ("BBHH"), and Trenton State Psychiatric Hospital ("TSPH") to subject her to a hostile work environment, including a plot with other staff members to write poor performance reviews in an effort to fire her. (*Id.*)

Kidd contends the retaliation she faced while employed at Preferred Care is the result of her filing prior DCR claims against RHGN in 2011 and BBHH in 2018 for failure to provide reasonable accommodations. (*Id.*) While employed at Preferred Care, Kidd alleges she worked with staff from her previous employers, RHGN and BBHH. (*Id.*) She asserts that because of this connection, Preferred Care was aware of her pending civil rights complaints against RHGN and BBHH; therefore, the "retaliation has been pervasive since the filing of her protected action." (*Id.* at 6.)

On July 26, 2018, Kidd filed her two-count Complaint against Preferred Care asserting: (1) claims of discrimination for failure to reasonably accommodate her disability and (2) retaliation. (ECF No. 1.) Kidd requested a default judgment on October 10, 2018. (ECF No. 14.) Preferred Care opposed the motion and, after finding good cause to vacate the default, the Court subsequently granted the motion to vacate default on May 31, 2019. (ECF No. 20.) In response, Kidd filed a motion to "amend" the May 31, 2019 Order Vacating Default ("May 31, 2019 Order") order and requested leave to file an interlocutory appeal. (ECF No. 24.) Ultimately, Preferred Care filed a Motion to Dismiss the Complaint on June 20, 2019 (ECF No. 21.)

---

[3] Kidd has also filed suit against RHGN. (Dkt. No. 18-12170.)

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to [the plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F. 3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citations omitted). However, a plaintiff must fulfill his or her "obligation to provide the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557, 127 S. Ct. 1955).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679, 129 S. Ct. 1937 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F. 3d. 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation."

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F. 3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F. 3d 1194, 1220 (1st Cir. 1996)).

### III. DECISION

#### A. Petition for Appeal

Kidd requests this Court grant her petition for interlocutory appeal on this Court's May 31, 2019 Order. (ECF No. 24-1 at 1.) The statute governing interlocutory appeals, 28 U.S.C. § 1292(b), provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate

> appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order[.]

28 U.S.C. § 1292(b)

Therefore, a district court may certify a non-final order for interlocutory appeal where the order "(1) involve[s] a controlling question of law, (2) offer[s] substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately [would] materially advance the ultimate termination of the litigation." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (internal quotation marks omitted).

"The burden is on the movant to demonstrate that all three requirements are met." *Piacentile v. Thorpe*, No. 12-7156, 2016 U.S. Dist. LEXIS 75038, at *2 (D.N.J. June 8, 2016) (quoting *Litgo N.J., Inc. v. Martin*, No. 06-2891, 2011 U.S. Dist. LEXIS 31869, at *2 (D.N.J. Mar. 25, 2011)). However, "even if all three criteria . . . are met, the district court may still deny certification, as the decision is entirely within the district court's discretion." *Id.* (quoting *Morgan v. Ford Motor Co.*, 2007 U.S. Dist. LEXIS 5455, at *2 (D.N.J. Jan. 25, 2007)). Further, § 1292(b) "is to be used sparingly and only in exceptional circumstances that justify a departure from the basic policy of postponing review until the entry of the final order." *Acosta v. Pace Local I-300 Health Fund*, No. 04-3885, 2007 U.S. Dist. LEXIS 26054, at *1 (D.N.J. Apr. 9, 2007) (quoting *Morgan*, 2007 U.S. Dist. LEXIS 5455, at *2 (internal quotation marks omitted)); *see also Kapossy*, 942 F. Supp. at 1001 (stating that interlocutory appeal is "used sparingly" since it is "a deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation") (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265, 102 S. Ct. 3081, 73 L. Ed. 2d 754 (1982) (internal quotation marks omitted)).

In requesting certification for interlocutory appeal, Kidd contends the May 31, 2019 Order "involves a controlling question of law as to which there is a substantial ground for difference of opinion." (ECF No. 24-1 at 7.) However, Kidd does not address the second or third prongs of the certification analysis: whether the Order (1) involves a controlling question of law and (2) if appealed immediately would materially advance the ultimate termination of the litigation. At base, interlocutory appeals under § 1292(b) are granted "sparingly" because they are "a deviation from the ordinary policy of avoiding piecemeal appellate review." *Kapossy*, 942 F. Supp. at 1001. Furthermore, a Court may exercise its discretion to deny certification even if a movant satisfies the three-part test. *See Piacentile*, 2016 U.S. Dist. LEXIS 75038, at *2. Rather than arguing under the § 1292(b) standard, Kidd essentially asks the court to reconsider its holding in the May 31, 2019 Order.[4] Because Kidd has not satisfied its burden in demonstrating the need to certify appeal, the Court will deny certification.

### B. Motion to Dismiss

#### i. 12(b) Defense

The Court first addresses Kidd's contention that Preferred Care's Motion should be denied because Preferred Care filed an Answer before filing the instant Motion. This argument lacks merit. In support of its Motion to Vacate, Preferred Care included a proposed answer with affirmative defenses. (ECF No. 13.) The Court noted this proposed answer was not actually an Answer to the Complaint, and—in granting the Motion to Vacate—granted Preferred Care leave to "answer or otherwise respond to the Complaint." (ECF No. 20 at 3.) The "Answer" Kidd refers to in her brief is no answer at all, but rather the proposed answer attached to Preferred Care's

---

[4] Kidd does not meet the standard for reconsideration under Local Civil Rule 7.1(i) and, even so, a motion for reconsideration would be untimely as her "motion to amend order" was filed more than 14 days after the May 31, 2019 Order. *See* L.Civ.R. 7.1(i).

Motion to Vacate. As such, Preferred Care's Motion to Dismiss will not be denied on those grounds.

### ii. Discrimination Claim

Preferred Care contends Kidd's current suit is procedurally barred because she has already sought an administrative remedy for her claims. (ECF No. 21-6 at 9.) Specifically, Preferred Care argues Kidd's claims are barred by her currently pending EEOC proceeding. (*Id.*)

For LAD claims, a plaintiff must make an election of remedies between either the DCR or civil action in court. *Angewenyi v. Bombardier Transp. (Holdings) USA, Inc.*, 2017 U.S. Dist. LEXIS 116143 (D.N.J. July 25, 2017) (citing *Hernandez v. Region Nine Hous. Corp.*, 684 A.2d 1385, 1390 (N.J. 1996). Where "a plaintiff elects the administrative remedy . . . that proceeding 'shall, while pending, be exclusive,'" *Wilson v. Wal-Mart Stores*, 729 A.2d 1006, 1009 (N.J. 1999), and, except for appellate review, an individual who has received a final determination by the DCR will be barred from bringing any other action, in any forum, based on the same injury, *see, e.g.*, *Tummala v. Merck & Co.*, 1995 U.S. Dist. LEXIS 16920, at *11-12 (D.N.J. Nov. 9, 1995); *Harter v. GAF*, 150 F.R.D. 502, 513 (D.N.J. 1993). Significantly, however, a complaint pending before the DCR may be withdrawn at any time, provided the DCR has not made a final determination. *See Hernandez*, 684 A.2d at 1390. Therefore, it is feasible a plaintiff who has filed a complaint with the DCR may be permitted to bring that claim in federal court if the DCR has not begun an investigation or issued an administrative ruling. *See Wilson*, 729 A.2d at 1009.

Here, it is not apparent what the status of the DCR proceeding is. Kidd states in her opposition brief the DCR matter was "terminated," but does not provide any further details. (ECF No. 25 at 7.) Because the Court is unable to determine whether the DCR matter is pending or whether a final determination was issued, the Court will dismiss Kidd's discrimination claims

without prejudice. *See Anderson v. Mercer Cnty. Sheriff's Dep't*, 2013 U.S. Dist. LEXIS 27536, at *18 (dismissing and NJLAD claim where the court could not determine the status of plaintiff's DCR proceeding). Accordingly, Preferred Care's Motion to Dismiss the Discrimination Claim is **GRANTED.**

### iii. Retaliation Claim

Preferred Care contends Kidd's retaliation claim is barred because she did not exhaust her administrative remedies as required by the ADA and Title VII. (ECF No. 21-6 at 10.) Specifically, Preferred Care argues Kidd's EEOC charge in 2016 only alleged a discrimination claim for denial of reasonable accommodations. (*Id.* at 11.) As such, Preferred Care contends Kidd's retaliation claim is not covered by the Right to Sue letter and therefore must be dismissed for failure to exhaust her administrative remedies. (*Id.*)

A failure to exhaust defense may be properly raised on a motion to dismiss. *See Anjelino v. New York Times Co.*, 200 F.3d 73, 87-88 (3d Cir. 1999). Title VII requires a plaintiff bringing an action against an employer for discrimination to first file an action with the EEOC within 180 days of the alleged conduct. 42 U.S.C. § 2000e-5(e)(1). Only after the EEOC action is filed, an investigation is completed, and a right to sue letter is issued can a plaintiff be considered to have exhausted her administrative remedies. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). However, a plaintiff may be excused from exhausting her administrative remedies with respect to a certain claim when "the acts alleged in the subsequent . . . suit [are] fairly within the scope of the prior EEOC complaint [charging discrimination], or in the investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996). Therefore, after receiving a right to sue letter following an EEOC charge, a plaintiff may assert additional

claims not named in the initial charge so long as the acts comprising those claims are fairly within the scope of the original charge. *Id.*

Here, Kidd's retaliation charge cannot be said to be fairly within the scope of the original EEOC charge. The March 1, 2017 EEOC charge in this case sets forth claims of denial of reasonable disability accommodations under the ADA and LAD. (ECF No. 21-3 at 9.) In the EEOC complaint, Kidd specifically alleges she was "discriminated against because of her disability." (ECF No. 21-3 at 10.) Nowhere in the original EEOC charge does Kidd assert a retaliation claim or identify any conduct that would make up a retaliation claim. Furthermore, her current retaliation claim includes allegations of conduct that occurred after the filing of the original EEOC charge. As such, Kidd's current retaliation claim cannot be said to be fairly within the scope of the reasonable accommodation-based EEOC charge. Therefore, because Kidd has not filed a separate EEOC charge for her retaliation claim, she has not exhausted her administrative remedies with respect to this claim. *See Cummings v. Princeton Univ.*, 2016 U.S. Dist. LEXIS 150376, at *11 (D.N.J. Oct. 31, 2016) (finding plaintiff did not exhaust his administrative remedies where racial discrimination claims were not included in the previously filed EEOC charge). Accordingly, Preferred Care's Motion to Dismiss the retaliation claim is **GRANTED.**

## IV. CONCLUSION

For the reasons set forth above, Kidd's Motion to Amend Order is **DENIED**, and Preferred Care's Motion to Dismiss is **GRANTED.**

**Date: January 31, 2020**                                         */s/ Brian R. Martinotti*_____
                                                                    **HON. BRIAN R. MARTINOTTI**
                                                                    **UNITED STATES DISTRICT JUDGE**